UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-CR-20581-DPG

UNITED STATES OF AMERICA,
          Plaintiff,

vs.

ALBERTO PEGUERO,
          Defendant.

### *DEFENDANT'S OBJECTIONS TO THE*
### *PRESENTENCE INVESTIGATION REPORT*

COMES NOW, the defendant, by and through undersigned counsel, and files the following objections to the Presentence Investigation Report ("PSR") in this case:

1.      Mr. Peguero  objects to paragraph 20 of the PSR and the failure to reduce his offense level by two levels pursuant to the "safety valve" requirements of U.S.S.G. §2D1.1(b)(17) as his prior "three-point offense" does not disqualify him from meeting the criterion set forth in U.S.S.G. §5C1.2(a).

As amended by the First Step Act of 2018, the current version of § 3553(f) provides, in relevant part, that:

the court shall impose a sentence ... without regard to any statutory minimum sentence, . . . if the court finds at sentencing, ... that- (1) the defendant does not have-

(A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;

(B) a prior 3-point offense, as determined under the sentencing guidelines; *and*

(C) a prior 2-point violent offense, as determined under the sentencing guidelines;

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan ....

18 U.S.C. § 3553(f) (emphasis added).

While Mr. Peguero has a "three-point offense", he does not have four criminal history points or a two point violence offense.  Mr. Peguero would only be disqualified from the application of the safety valve if he fails to satisfy each of §3553(f)(1)'s subsections.  Therefore, Mr. Peguero is eligible for the safety valve.  *See United States v. Lopez*, 998 F. 3d 431 (9th Cir. 2021); C.f. *United States v. Pulsifer*, 39 F. 4th 1018 (8th Cir. 2022); *United States v. Pace*, ---F. 4th ---, 2022 WL4115728 (7th Cir. Sep. 9, 2022).  Notably, the Eleventh Circuit vacated their opinion rejecting a similar argument in *United States v. Garcon*,  997 F. 3d 1301 (11th Cir. 2021)  and ordered an *en banc* rehearing.  *United States v. Garcon*, 23 F.4th 1334 (11th Cir. 2022).   Therefore, there is no binding precedent in this Circuit on this issue.

2.      Mr. Peguero objects to paragraph 24 of the PSR in that he did not receive a two level reduction for minor role pursuant to U.S.S.G. §3B1.2(b).  In a case similar to this case, *United States v. Juan Gonzalez Casteneda, et. al.,* Case#11-cr-10020-KMM (SDFL), eight

defendants were caught aboard a vessel subject to the jurisdiction of the United States with 402 kilograms of cocaine onboard the vessel.  *Id.*  DE-1.  From a review of the docket, the government recommended and the Court approved two level minor role reductions for defendants Garcia, Teran, Romero, Barrio, Hernandez and Camano.

In another case, *United States v. Visbal et. al.*, Case#12-cr-201317-JEM (SDFL), six defendants were interdicted aboard a vessel subject to the jurisdiction of the United States with 113 kilograms of cocaine and 67 kilograms of marijuana. DE-1.  There, the government recommended and the Court approved minor role reductions for defendants Chica-Castano and Barrios and four level minimal participant reductions for defendants Moya and Milanes.

In *United States v. Ernesto Cana Morales, et. al.,* Case#14-cr-20800-JAL (SDFL), four defendants were interdicted on a go fast vessel ("GFV") with over 700 kilograms of cocaine in another Title 46 case.  All four of those defendants, including the captain, were given a minor role reduction.

Mr. Peguero's role was no different than that of Mr. Moya and Mr. Milanes and certainly was no different than any of the defendants that received two level role reductions in *Visbal et. al, Gonzalez Casteneda, et. al.* and *Cana Morales, et. al.*. Peguero, like all of these others, had no ownership stake in the narcotics, did not know the details of the plan to distribute the narcotics and was merely a poor, uneducated, dispensable low level cog to the drug trafficking organization who is being held accountable for the entire weight of the cocaine.

Pursuant to U.S.S.G. §2D1.1(a)(5), if the Court sustains Mr. Peguero's objection and awards a minor role reduction his base offense level is decreased to a level 33.

4.     Mr. Peguero's total offense level is 26.  (33 minus 3 (acceptance) minus 2 (minor role) minus 2 (safety valve).  With a criminal history category of II his guideline range is 70-87 months.

WHEREFORE Mr. Peguero requests his objections be sustained.

Respectfully submitted,

s/ Gennaro Cariglio Jr.
Gennaro Cariglio Jr.
8101 Biscayne Blvd.
Penthouse 701
Miami, FL 33138
(305) 899-0438
Florida Bar No.: 51985
Attorney for the Defendant